**No. 52460.**—The A. W. Fenton Co., Inc. *v.* United States, petition 6624–R (Cleveland).

Opinion by CLINE, J. From the testimony it appeared that the importer had knowledge of a new price list and believed that the formula on which previous entries had been based, which formula previously had been prepared or accepted by customs officials at Detroit, would change. The importer, therefore, consulted the appraiser at Cleveland and sent a request for information to the appraiser at Ashtabula, but they had no recent information. Although it was not stated that the appraisers were given the new price lists, the witness testified that he did not withhold any information, but submitted the invoices and all the information he had at the time of entry. On the record presented it was held that the petitioner acted without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

BEFORE THE SECOND DIVISION, JULY 16, 1948

**No. 52461.**—Jordan Marsh Company *v.* United States, protests 947770–G and 954679–G (New York).

Opinion by LAWRENCE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was therefore sustained.

**No. 52462.**—Rev. J. A. Dutil, M. S. *v.* United States, protest 130353–K (St. Albans).

Opinion by LAWRENCE, J. An examination of the record disclosing that the protest was not filed within the time specified in section 514, Tariff Act of 1930, the motion to dismiss was granted.